IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY L. CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:18-cv-07122 |
| v. ) | |
| ) | Honorable Sharon Johnson Coleman |
| T.G. WERLICH, et al., ) | |
| ) | |
| Defendants. ) | |

**UNOPPOSED MOTION FOR ENTRY OF COURT ORDER DIRECTING COUNSEL TO CONFER WITH CLIENT VIA TELEPHONE**

Tracy Conley, by his attorneys, respectfully requests that the Court enter an order directing counsel to confer with Mr. Conley. The United States does not oppose the relief requested in this motion. Mr. Conley and the United States agree that this unopposed motion can be resolved without a hearing. In the event that the Court requires a hearing to decide this motion, Mr. Conley respectfully requests that the Court hold a telephonic hearing, because Mr. Conley has been unable to speak with his counsel for over three months and has raised matters that counsel believe may implicate deadlines and need to be discussed with Mr. Conley.

In support of this motion, Mr. Conley states as follows:

1. On October 24, 2018, this Court docketed Mr. Conley's *pro se* petition for relief pursuant to 28 U.S.C. § 2255. (The petition was postmarked October 18, 2018.) Mr. Conley's petition was assigned to this Court. On December 4, 2018, this Court appointed undersigned counsel to represent Mr. Conley. Counsel filed an amended habeas petition on Mr. Conley's behalf on April 15, 2019. Briefing on that petition is complete.

2. Mr. Conley is currently incarcerated at USP McCreary. Counsel last spoke with Mr. Conley on February 24, 2020. Before that call, Mr. Conley's most recent legal phone call with counsel was on October 22, 2019.

3. On February 4, 2020, Mr. Conley moved this Court for an order directing undersigned counsel to confer with Mr. Conley via telephone. *See* Dkt. 42. Mr. Conley, through counsel, explained that Mr. Conley had requested a legal telephone call with counsel, but officials at USP McCreary told undersigned counsel that USP McCreary would only allow a phone call between counsel and Mr. Conley if there was an "imminent court deadline." *Id.* At that time, officials at USP McCreary directed counsel to the Bureau of Prison's Inmate Telephone Regulations, Program Statement P5264.08, which provides that "frequent confidential inmate-attorney calls should be allowed only when an inmate demonstrates that communication with his or her attorney by other means is not adequate. For example, when the inmate or the inmate's attorney can demonstrate an imminent court deadline." *See id.* Treating the "for example" clause as a requirement for a legal call, officials at USP McCreary told counsel that USP McCreary would therefore only allow a phone call between counsel and Mr. Conley if there was an "imminent court deadline." *Id.*

4. On February 11, 2020, this Court granted Mr. Conley's motion, and ordered Mr. Conley's attorneys to confer with Mr. Conley within 17 days.

5. Mr. Conley was able to speak with counsel on February 24, 2020.

6. On April 28, 2020, Mr. Conley wrote to counsel to ask for a legal phone call. Counsel emailed Mr. Conley's case manager on April 30, 2020. Counsel was then informed that Mr. Conley had a new case manager, who emailed counsel on May 5, 2020, stating that "Unless Mr. Conley has an upcoming pending court deadline he needs to utilize the legal mail procedures."

On May 6, 2020, counsel explained that Mr. Conley did not have a pending deadline set by a court, but based on Mr. Conley's request for a phone call, counsel was concerned that Mr. Conley's request may implicate statutory deadlines. Counsel renewed the request on May 18, after not hearing from Mr. Conley's case manager. Mr. Conley's case manager responded, "I need to have something showing he has a deadline to set up the legal call." Counsel responded on May 20, explaining that giving further information might require disclosure of confidential client information. Mr. Conley's case manager reiterated the need for "something showing a deadline" and directed counsel to the same unit manager who had previously refused a legal phone call without an "imminent court deadline." At no point did officials at USP McCreary attribute this limitation on phone calls to the ongoing COVID crisis.

7. Based on counsel's experience since being appointed to represent Mr. Conley, during which counsel and Mr. Conley have communicated via legal mail, legal mail alone is not an adequate means to discuss the complicated legal issues in this case.

8. Counsel is mindful of the burdens that attorney-client calls impose on the BOP. Counsel's last legal phone call with Mr. Conley occurred on February 24, 2020. In counsel's opinion, a legal phone call scheduled within the next 14 days would materially assist counsel in representing Mr. Conley and would not be "frequent confidential inmate-attorney calls."

9. Counsel for the United States has advised counsel for Mr. Conley that the United States does not oppose the relief sought in this motion.

WHEREFORE, Tracy Conley respectfully requests the Court enter an order directing the undersigned counsel to confer with Mr. Conley via telephone within the next 14 days. In the event that the Court requires a hearing to decide this motion, Mr. Conley also respectfully requests that

the Court hold a telephonic hearing because Mr. Conley has been unable to speak with his counsel via telephone for over three months.

                                        Respectfully submitted,

                                        TRACY L. CONLEY

Dated: May 28, 2020                            By  */s/ Michael T. Brody*
                                                  One of His Attorneys

Michael T. Brody
Leigh J. Jahnig
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350

**CERTIFICATE OF SERVICE**

    I certify that on May 28, 2020, I electronically filed the foregoing Unopposed Motion for Entry of Court Order Directing Counsel to Confer with Client via Telephone with the Clerk of Court using the CM/ECF system, which will then send a Notice of Electronic Filing to all counsel of record.

                                        /s/ Michael T. Brody